## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **DISH TECHNOLOGIES L.L.C. and SLING TV L.L.C.,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiffs,** | |
| **v.** | **Case No. 2:26-cv-00547-RJS-JCB** |
| **FENIX INTERNATIONAL LIMITED, d/b/a OnlyFans; and OF MEDIA PRODUCTIONS LIMITED, d/b/a OFTV,** | **District Judge Robert J. Shelby** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

### INTRODUCTION

District Judge Robert J. Shelby referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court are Plaintiffs DISH Technologies L.L.C. and Sling TV L.L.C.'s local counsel's motions for pro hac vice admission of Ali Dhanani ("Mr. Dhanani") and Kurt Pankratz ("Mr. Pankratz," collectively, "Applicants").[2] For the reasons explained below, the court denies the motions because they fail to demonstrate good cause to warrant an exception to this court's local rule regarding *pro hac vice* admission.

---

[1] ECF No. 5.

[2] ECF Nos. 7-8.

**LEGAL STANDARDS**

"28 U.S.C. § 2071 and Fed. R. Civ. P. 83 authorize federal courts to promulgate local rules of practice."[3] In addition, 28 U.S.C. § 1654, which empowers each federal district to regulate the admission of attorneys, provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." In the District of Utah, attorneys who are not admitted to practice law in Utah may apply for admission *pro hac vice* under the requirements of local rule DUCivR 83-1.1(c).

The Latin phrase *pro hac vice* means "[f]or this occasion or particular purpose" and usually "refers to a lawyer who has not been admitted to practice in a particular jurisdiction but who is admitted there temporarily for the purpose of conducting a particular case."[4] The United States Supreme Court has described *pro hac vice* attorneys as "one-time or occasional practitioners."[5] Put another way, "'admission *pro hac vice* is temporary and limited in character and is not intended to be requested by a practitioner on a frequent basis.'"[6] The American Bar Association confirms this characterization in its model rule on *pro hac vice* admission, which provides that a court may deny *pro hac vice* admission if "the applicant has engaged in such

---

[3] *Mateo v. Empire Gas Co., Inc.*, 841 F. Supp. 2d 574, 576 (D.P.R. 2012) (citing *United States v. Hvass*, 355 U.S. 570, 575 (1958)).

[4] Black's Law Dictionary (12th ed. 2024).

[5] *Frazier v. Heebe*, 482 U.S. 641, 647 (1987).

[6] *Mateo*, 841 F. Supp. 2d at 579 (quoting *In re Reza*, 138 B.R. 190, 191 (Bankr. S.D. Ohio 1992)) (citation modified).

frequent appearances as to constitute regular practice in [a] state."[7] "Although courts commonly have permitted out-of-state lawyers to appear *pro hac vice*, such practice is guaranteed neither by statute nor by the Constitution."[8] "The Supreme Court has observed, approvingly, that in many District Courts, the decision on whether to grant *pro hac vice* status to an out-of-state attorney is purely discretionary."[9]

In the District of Utah, local rule DUCivR 83-1.1(c)(1) provides the eligibility requirements and the restrictions for attorneys seeking *pro hac vice* admission. Seeking to ensure that the designation *pro hac vice* retains its intended purpose and meaning, DUCivR 83-1.1(c)(1) provides a clear definition of what constitutes "frequent appearances" or "regular practice in [the] state."[10] The rule provides that *pro hac vice* admission is not available to any attorney who "has already been admitted pro hac vice in 3 unrelated cases in the previous 5 years in this district, unless the court finds good cause for the attorney not seeking admission to the Utah State Bar."[11]

---

[7] ABA Model Rule on Pro Hac Vice Admission R. I(D)(3)(d) (2002), *available at* https://www.americanbar.org/content/dam/aba/administrative/professional_responsibility/mjp_migrated/rule_prohac.pdf.

[8] *Mateo*, 841 F. Supp. 2d at 577 (citing *Leis v. Flynt*, 439 U.S. 438, 443 (1979) (per curiam) ("The Constitution does not require that because a lawyer has been admitted to the bar of one State, he or she must be allowed to practice in another.")).

[9] *Id.* (citation modified).

[10] ABA Model Rule on Pro Hac Vice Admission R. I(D)(3)(d) (2002), *available at* https://www.americanbar.org/content/dam/aba/administrative/professional_responsibility/mjp_migrated/rule_prohac.pdf.

[11] DUCivR 83-1.1(c)(1)(A)(iii).

### ANALYSIS

The motions indicate that the Applicants are seeking *pro hac vice* admission in this district for the fourth time in 3 years.[12] Recognizing that this would exceed the limit established in the local rule, the Applicants identically assert the following explanation: "The 3 cases that I have been admitted pro hac vice in Utah listed above are related actions wherein the plaintiffs DISH Technologies, LLC and Sling TV, LLC are seeking to enforce their patent rights related to streaming content to computing devices against operators of adult-oriented websites."[13] The Applicants do not explain their reasoning for not seeking admission to the Utah State Bar. Instead, they argue that their previous admissions were in "related actions" and thus, presumably, they need no exception to the local rule.

The Applicants' statements fail to establish good cause as to why they should be exempted from seeking admission to the Utah State Bar. The Applicants' three prior *pro hac vice* admissions in the previous 3 years are not occasional and are more akin to the regular practice of law in this district. Additionally, despite the Applicants' claim that their past admissions were in "related actions," those actions were against unrelated parties. The fact that the Applicants represented the same clients seeking to enforce patent rights in those cases is not enough to show relatedness because each action is independent and not capable of being consolidated into one. Attorneys who engage in the regular practice of law in courts located in the State of Utah should be governed by the entity that licenses and regulates those practitioners. Because the Applicants have been admitted *pro hac vice* in three unrelated cases in this district in the previous 3 years

---

[12] ECF Nos. 7-8.

[13] *Id*.

and have not provided any reason as to why they should be exempted from seeking admission to the Utah State Bar, the court cannot conclude that good cause exists for an exception to the requirements of this court's local rule regarding *pro hac vice* admission. Therefore, the court denies the motions for *pro hac vice* admission of the Applicants.

**ORDER**

For the reasons stated above, Plaintiffs' local counsel's motions for *pro hac vice* admission of Mr. Dhanani and Mr. Pankratz [14] are DENIED.

IT IS SO ORDERED.

DATED this 20th day of July 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[14] ECF Nos. 7-8.